# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-00003-KDB-DCK

| | |
|---|---|
| ANGELA N. ALLEN,<br><br>**Plaintiff,**<br><br>v.<br><br>LARRY DEXTER HARMON, and<br>LAZY T., LLC,<br><br>**Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on its own motion. Plaintiff Angela N. Allen filed a Motion for Default Judgment on July 20, 2020. (Doc. No. 14). The Court set a hearing on the Motion for September 3, 2020. However, shortly before the hearing, a discrepancy in the address listed for Defendants on CM/ECF and Defendants' actual address was discovered. Due to a typographical error in an earlier submission to the Court, the Defendants' address was listed as "5273 Beach Road" rather than "4273 Beach Road."[1] The hearing was cancelled, and the Clerk's office sent copies of the Complaint, Motion for Entry of Default, Clerk's Entry of Default, Notice of Intent to File Motion for Default Final Judgment, and Motion for Default Judgment via certified and regular mail to Defendants' corrected "4273 Beach Road" address on August 31, 2020. The regular mail was delivered, but the certified mail was returned as unclaimed on September 21, 2020.

Unless and until a party has been defaulted, Rule 5(a) requires the service of every pleading filed after the original complaint and the service of all written notices, appearances, demands,

---

[1] There is no question that Harmon is aware of the pending action against him as he was represented by an attorney at one time. That attorney withdrew on March 17, 2020.

offers of judgment, or "similar paper[s]." Fed. R. Civ. P. 5(a). It does not appear that Defendants were served with the motion for entry of default before default was entered.[2] Therefore, the Court will set aside the entry of default. *See Simmons v. Ohio Civil Serv. Emp. Ass'n*, 259 F. Supp. 2d 677, 686 (S.D. Ohio 2003) (stating that a default is properly set aside where the motion for default and other pleadings were not served on the parties in accordance with Rule 5(a)).

While Allen and Defendants' prior attorney believe "4273 Beach Road" is the correct address, out of an abundance of caution, the Court will instruct the U.S. Marshals Service ("U.S. Marshal") to personally serve Larry Dexter Harmon at the "4273 Beach Road" address. If the U.S. Marshal discovers that the "4273 Beach Road" address is not the proper address, it is instructed to use reasonable efforts to locate Harmon and serve him with the documents identified below.

**IT IS THEREFORE ORDERED** that:

(1) Within 30 days of this Order, the U.S. Marshal is respectfully instructed to personally serve Larry Dexter Harmon utilizing the address 4273 Beach Road, Hudson, NC 28638 with this Order and the pleadings (Doc. Nos. 1, 10, 11, 13, 14). If the U.S. Marshal discovers that "4273 Beach Road" is not Harmon's proper address, it shall use reasonable efforts to locate and serve Harmon with this Order and the pleadings. If the U.S. Marshal is unable to obtain service on Defendant Harmon within this time period, the U.S. Marshal shall inform the Court of the efforts taken to serve Defendant Harmon.

(2) If the U.S. Marshal is able to serve Defendant Harmon, Defendant Harmon shall then have 30 days in which to respond to the motions for entry of default and default

---

[2] The Certificate of Service on Allen's Motion for Entry of Default reflects the "5273 Beach Road" address.

judgment. Failure to respond will likely result in entry of default and default judgment being entered against Defendants.

(3) The Clerk's prior entry of default shall be set aside.

**SO ORDERED.**

Signed: September 30, 2020

Kenneth D. Bell
United States District Judge